UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA )
)
v. ) CR: 4:21-100
)
SHAWN SABI )

## PLEA AGREEMENT

Defendant Shawn Sabi, represented by his counsel Jeffrey H. Brickman, and the United States of America, represented by Assistant United States Attorney Jennifer G. Solari, have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1. Guilty Plea

Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to Count One of the Superseding Information, which charges a violation of 13 U.S.C. § 305 (Submitting False or Misleading Export Information).

2. Elements and Factual Basis

The elements necessary to prove the offense charged in Count One are (1) that Defendant failed to file or caused another to fail to file accurate export information through the Shippers Export Declaration or the Automated Export System; and (2) that Defendant did so knowingly.

Defendant agrees that he is, in fact, guilty of this offense. He agrees to the accuracy of the following facts, which satisfy each of the offense's required elements: On or about March 3, 2021, in Chatham County, within the Southern District of Georgia, and elsewhere, the defendant, **SHAWN SABI**, did knowingly cause freight forwarder Carotrans International, to fail to file a Shippers Export Declaration in the Automated Export System by falsely declaring to Carotrans International, the contents of the shipment to be only "115 pieces used household goods and personal effects," when in fact, **SABI** knew the shipment at issue contained his personal firearms, ammunition, and other items listed below in paragraph 8, which **SABI** knew required specific, express declarations and were not included in "household goods and personal effects." Defendant agrees the government would have proven the foregoing facts beyond a reasonable doubt at any trial on the merits.

3. Possible Sentence

Defendant's guilty plea will subject him to the following maximum possible sentence: 5 years' imprisonment, 2 years' supervised release, and a $10,000 fine. The Court additionally must impose a $100 special assessment.

4. No Promised Sentence

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the government, the U.S. Probation Office, or anyone else. The Court may impose a

sentence up to the statutory maximum. Defendant will not be allowed to withdraw his plea of guilty if he receives a more severe sentence than he expects.

5.   Court's Use of Sentencing Guidelines

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Court will consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining the Defendant's sentence. The Sentencing Guidelines are based on <u>all</u> of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the conduct underlying the particular Count or Counts to which Defendant is pleading guilty.

6.   Agreements Regarding Sentencing Guidelines

   a.   Use of Information

Nothing in this agreement precludes the government from providing full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range.

   b.   Acceptance of Responsibility

If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the government will move for an additional one-level reduction in offense

3

Defendant's initials _SS_

level pursuant to Section 3E1.1(b) based on Defendant's timely notification of his intention to enter a guilty plea.

7. <u>Agreement Regarding Travel</u>

Upon successful entry of Defendant's guilty plea, the government agrees not to oppose his request to travel to Israel for a reasonable period of time, subject to such terms and conditions as the Court may order. Defendant agrees and understands that the government's position is not binding upon the Court and does not guarantee his ability to travel or to remain on bond pending sentencing.

8. <u>Abandonment of Property</u>

Defendant waives and abandons his interest in any property that may have been seized in connection with this case, including but not limited to the following items detained in the export identified by AES Worldwide BOL #: AESW91121000: (a) Kawasaki Mule VIN: JK1AFCW1XKB500785; (b) SeaDoo PWC Hull ID: ZZN36130A202; (c) Miller Blue Star 185 welder/generator; (d) Honda EU 6500 inverter; (e) two Bushnell rifle scopes; (f) UTC rifle scope; (g) two UTC red dot rifle optics model SCP-RD40RGW-A; (h) Tasco rifle scope model 39x40SPL (AX); (i) collapsible steel baton; (j) four 15-round capacity pistol magazines; (k) TASER model X2; (l) three TASER 2 pack replacement live cartridges for the X2; (m) four TASER parts; (n) Glock 17 33-round extended magazine; (o) mace dispersal pepper gun; (p) mace 2 refill pack OC pepper cartridges; (q) collapsible shock baton; (r) solid metal core baton; (s) quantity of various caliber/gauge ammunition; (t) Beretta 12ga double barrel shotgun S/N Z67788S; (u) two laser rifle devices; and (v) Mortorola XTS5000.

4

Defendant's initials SS

9. <u>Financial Obligations and Agreements</u>

<u>Special Assessment</u>

Defendant agrees to pay a special assessment in the amount of $100, payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

10. <u>Waivers</u>

   a. <u>Waiver of Appeal</u>

Defendant entirely waives his right to a direct appeal of his conviction and sentence on any ground (including any argument that the statute to which the defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the Defendant may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal.

   b. <u>Waiver of Collateral Attack</u>

Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack his conviction and sentence based on a claim of ineffective assistance of counsel.

Defendant's initials  _SS_

    c.    <u>FOIA and Privacy Act Waiver</u>

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

    d.    <u>Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver</u>

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or his plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

11.    <u>Defendant's Rights</u>

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which he will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

Defendant's initials _SS_

12. <u>Satisfaction with Counsel</u>

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice given and the work performed by his attorney.

13. <u>Breach of Plea Agreement</u>

If Defendant fails to plead guilty, withdraws or attempts to withdraw his guilty plea, commits any new criminal conduct following the execution of this agreement, or otherwise breaches this agreement, the government is released from all of its agreements regarding Defendant's sentence, including any agreements regarding the calculation of Defendant's advisory Sentencing Guidelines.  In addition, the government may declare the plea agreement null and void, reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or file new charges against Defendant that might otherwise be barred by this plea agreement.  Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

14. <u>Entire Agreement</u>

This agreement contains the entire agreement between the government and Defendant.

                                                  DAVID H. ESTES
                                                  ACTING UNITED STATES ATTORNEY

_____                            _____
Date                                                  Karl I. Knoche
                                                  Chief, Criminal Division

7

Defendant's initials _SS_

_____  
Date

_____  
JENNIFER SOLARI  *Digitally signed by JENNIFER SOLARI*  
*Date: 2021.05.17 11:45:06 -04'00'*

Jennifer G. Solari  
Assistant United States Attorney

Defendant's initials _____

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

05/16/21
Date

_____
Shawn Sabi, Defendant

I have fully explained to Defendant all of his rights, and I have carefully reviewed each and every part of this agreement with him. I believe that he fully and completely understands it, and that his decision to enter into this agreement is an informed, intelligent, and voluntary one.

5/16/21
Date

_____
Jeffrey H. Brickman, Defendant's Attorney

Defendant's initials SS